HOCKE et al. v. NEW YORK CENT. & H. R. R. CO.

(Circuit Court, S. D. New York. May 19, 1902.)

1. PATENTS—INVENTION—MEANS FOR PREVENTING LOSS OF FREIGHT IN SHIP-
    MENT.
        The Mockridge patent, No. 493,595, for means for securing railroads and shippers against loss of freight by means of a system of numbering applied to the cars and packages, the duplicating of the numbers on checks and the shipping receipts, and a temporary receptacle on the car for holding the checks in loading, is void on its face for lack of patentable invention.

In Equity. Suit for infringement of letters patent No. 493,595, for a means for securing railroads and shippers against loss of freight, issued to Joseph B. Mockridge March 14, 1893. On demurrer to bill.

Arthur v. Briesen, for plaintiffs.
Robert J. Fisher, for defendant.

WHEELER, District Judge.   This suit is brought upon patent No 493,595, dated March 14, 1893, and granted to Joseph Babbitt Mockridge for "means for securing railroads and shippers against loss of freight."   They consist in numbering the cars for each train temporarily and consecutively; numbering the packages consecutively and by letters, serially; designating the same car for packages to the same place; printing the serial numbers, a description of the packages, and the temporary number of the car on a shipping receipt for the office; and the numbers on a check to load the car by to be left in a box on the car, and returned to the office for comparison,—whereby mistakes in loading will be prevented, or discovered and corrected, before the cars leave, and the freight can be readily traced after the cars leave.

The claims are for:

"(1) The means for securing against loss of freight, consisting of a receipt or other like document, containing characters indicating the car designed to receive the merchandise, a separate independent check or ticket, containing duplicate characters of the ones on the said receipt, so that the check and receipt control each other, and a receptacle held temporarily on the car, and adapted to receive the ticket bearing the number of the car on which the receptacle is held; the ticket being deposited in the said receptacle at the time the merchandise indicated on the ticket is loaded in the car, substantially as shown and described.

"(2) The means for securing against loss of freight, consisting of a shipping receipt, waybill, or other like document, containing characters indicating serial numbers and the number of the transporting medium, a separate independent ticket or check, containing duplicate characters of the ones on the said receipt, so that check and receipt control each other, and a receptacle placed temporarily on the numbered transporting medium, to receive the correspondingly numbered checks or tickets at the time the merchandise indicated by the serial number on this ticket is placed in the corresponding transporting medium, substantially as shown and described.

"(3) The means for securing against loss of freight, consisting of a receipt or other like document, containing characters indicating the car designed to receive the merchandise, and characters to designate the merchandise to be shipped, and a separate independent ticket or check, containing sets of characters which are a duplicate of the characters on the said receipt or document, substantially as shown and described.".

The bill alleges the grant of the patent; ownership by the plaintiffs; respect to it by the public generally; that the invention has gone into extensive use; and that the defendant infringes.

The bill is demurred to for invalidity of the patent apparent on its face.   Of course, upon the question so raised, every intendment must be made in favor of the validity of the patent, as allowed by the patent office; and all defenses arising from prior knowledge or use, or other facts, must be left for answer and proofs.   But after this there remains the question, which may be raised in this way, whether the patent on its face, as it stands, covers any invention that can be patented.   The claims do not go so far as the specification in covering the details of the means employed, but the substance of what is either set forth or claimed seems to be the numbering of the cars, the serial numbering of the packages, the duplicating of the numbers on the shipping receipt and the check, and the temporary receptacle on the car for holding the checks in loading.   The numbering of cars or packages or other things, for identifying them, seems to be a mere

ordinary use of numerical language for an ordinary purpose; and the duplication of the numbers on the checks is only a more extended use of such language in the ordinary way, for comparison in safe-keeping or tracing,—like that of duplicate checks for baggage, of stubs for checks, or of double entries in account books. The tempo-rary receptacle is a merely convenient place to keep the checks in by stevedores while loading, that involves no ingenuity. The whole seems to be just a good plan for carefully using ordinary things. It is a painstaking—which is always a useful—method, without in-genious novelty, which does not in any view seem to be patentable.

Demurrer sustained.